**Robbye DUBOIS, Plaintiff–Appellant**

v.

**LIFECARE MANAGEMENT SERVICES LLC and LifeCare Holdings, Inc., Defendants–Appellees.**

No. 08–30227
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 2008.

James Charles McMichael, Jr., McMichael, Medlin, D'Anna, Wedgeworth & La-Fargue, Shreveport, LA, for Plaintiff-Appellant.

Raul Victor Esquivel, III, Allan Kevin Troutman, Fisher & Phillips, New Orleans, LA, for Defendants-Appellees.

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM: *

LifeCare Management Services, L.L.C. and LifeCare Holdings, Inc. ("Lifecare") operates acute care hospitals in nine states. LifeCare hired Dubois as a Registered Nurse in 1993. After several promotions, Dubois was named as LifeCare's corporate Vice President of Clinical Services in 2003. She became overwhelmed with her job following Hurricane Katrina, however, and asked if she could change her employment arrangement. After an initial discussion with her supervisor, they agreed that she could be a consultant for LifeCare. They discussed various arrangements that would be made and concluded that Dubois' supervisor would write up a proposed consulting agreement. When she received the proposed consulting agreement in writing, however, she disagreed with its noncompete terms and the length of the consulting period, and she wrote an e-mail to that effect; she did not sign the consulting agreement. But she presented no evidence that she attempted to renegotiate the consulting deal that she had rejected. Instead, she stopped working for LifeCare, and her last official day of employment was November 19, 2005. She signed an incomplete Settlement Agreement and Release, although the signature is not dated. LifeCare paid her through her last day of work.

Dubois sued LifeCare, urging that they owed her for the nine months of salary and benefits remaining under the unexpired term of her employment agreement, six months' salary and benefits as severance pay, or four months' salary and benefits under the unsigned consulting agreement. She argued that she terminated her employment with LifeCare only upon the belief that she would obtain a consulting

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contract with them, and that LifeCare wrongfully induced her into terminating her full-time status. She urges the same on appeal. The district court held that there was no evidence that Dubois had continued providing services to LifeCare after November 19, there was no genuine issue of material fact as to whether Life-Care terminated Dubois' employment without cause, and that there was no evidence of further negotiation of the proposed consulting arrangement or that it was signed or confirmed by a "meeting of the minds." Dubois appealed.

We are not persuaded that the district court erred in so holding,[1] essentially for the reasons given by the district court in its thorough memorandum ruling. Life-Care alleged and provided evidence that a supervisor discussed a possible consulting arrangement with Dubois and sent her a proposed agreement but that Dubois never signed it, that Dubois voluntarily resigned, and that she did not provide services to LifeCare after her last day of work (November 19, 2005). Dubois has failed to persuade us that she alleged or adduced evidence that she continued providing services to LifeCare after November 19. Further, we are not convinced that her allegations were sufficient to create a genuine issue of material fact as to whether LifeCare terminated her employment without cause. She urges on appeal that "[s]ince November 19, 2005, LifeCare has apparently considered Dubois' employment agreement to be terminated," but she fails to cite allegations or evidence sufficient to show that LifeCare's "consider[ing] ... [her] employment ... to be terminated" was a termination without cause, wrongfully induced by a promised consulting arrangement. Although Dubois points to statements by her supervisor that under the consulting arrangement initially discussed, Dubois would receive "the equivalent of four months pay as Vice-President," she does not cite to evidence that she and her supervisor agreed to the arrangement.[2] Instead, she urges that "[h]e told her that he would 'develop a detailed proposal for a consulting relationship' and she agreed."[3] Dubois did not ultimately agree to the written proposal offered, as it allegedly conflicted with the provisions she had originally discussed with her supervisor and she disagreed with its terms. But this does not show us that LifeCare, rather than Dubois, terminated the employment relationship.

---

1. *See, e.g., United States Fire Ins. Co. v. Miller,* 381 F.3d 385, 388 (5th Cir.2004) (reviewing summary judgment *de novo* ).

2. As the district court observed, she admitted in her affidavit in support of her opposition to defendants' motion that the terms were simply proposed during this meeting, stating, "The terms of the 'Separation and Consulting Agreement' were different from the arrangement previously *proposed* to plaintiff by Life-Care.... These provisions were unacceptable to plaintiff ..." (emphasis added).

3. Dubois alleges that she resigned only because her supervisor agreed that her noncompete obligations would be only four months, and that the proposed consulting agreement later contained noncompete provisions for 12 months. However, as LifeCare points out, in her deposition Dubois admitted that she had discussed a 12-month noncompete arrangement at some point, stating, "I don't recall exactly when he proposed—he had proposed that I consult for six months. And it was going to be written up in an agreement. I don't recall if he called me with the proposal or it was the second time we met. I don't believe it was the second time we met. It might have been—or did he call me with it. I just don't recall. However, there was a time when he came and asked me a question after we had discussed the consulting that he came and asked me about part of the agreement.... He asked he if I would sign a 12-month noncompete.... That was the night they asked me to come over to the administrators' meeting. And at that time, they were announcing that I was going to continue on with the company as a consultant."

Dubois maintains that her resignation was not unconditional, as it was "based on LifeCare's promise that she would remain employed as a paid consultant," and that "when LifeCare backed out on its promise to keep plaintiff on as a consultant, the resignation was rendered ineffective." However, as we have discussed, Dubois disagreed with the terms in the proposed consulting agreement and failed to further negotiate. There were no promises made.

AFFIRMED.